■ In the Matter of BROOKLYN UNION GAS COMPANY, Respondent, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent, and CITY OF NEW YORK, Intervenor-Appellant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered October 28, 1983 in Albany County, which, *inter alia,* denied a motion by the City of New York to intervene unless, within 20 days of the date of the court's decision, it served its pleading on all parties. ¶ The sole issue presented for our resolution is whether the City of New York, as a condition for intervention in a proceeding pursuant to article 7 of the Real Property Tax Law by Brooklyn Union Gas Company to review special franchise assessments determined by the State Board of Equalization and Assessment (SBEA), is required to serve a proposed answer. ¶ Timely service of two copies of the petition on the SBEA was made on August 3, 1983. On August 11, 1983, a copy was delivered to the city (Real Property Tax Law,

§ 740). The proceeding was made returnable at Special Term, Albany County, on September 2, 1983. By notice of motion dated August 11, 1983, returnable September 2, 1983, petitioner moved for an order requiring, *inter alia,* that any prospective applicant for intervention move promptly and fixing a date beyond which an application for intervention would be denied. On August 17, 1983, the city, by notice of motion returnable on September 2, 1983, moved pursuant to CPLR 1012 (subd [a], par 2) to intervene in the proceeding as a matter of right. Special Term denied petitioner's motion and conditionally denied the city's motion to intervene unless it served its pleading on all parties within 20 days of the date of the court's decision. This appeal by the City of New York from the conditional order ensued.[*] ¶ The City of New York's reliance upon section 714 of the Real Property Tax Law in support of its motion to intervene pursuant to CPLR 1012 (subd [a], par 2) is misplaced. Section 714 specifically refers to a "respondent" in a proceeding to review an assessment of real property in a city having a population of one million or more. Such a respondent *"may serve a verified answer * * *.* If the respondent fails to serve such answer within the required time, all allegations of the petition shall be deemed denied" (emphasis added). Clearly, section 714 was tailored to exempt the City of New York from having to prepare and file an answer to each of the enormous number of tax proceedings in that metropolis. ¶ However, we are not concerned with a proceeding to review a tax assessment wherein New York City is a named respondent. Rather, petitioner has filed proceedings to review special franchise assessments wherein the only named respondent is the SBEA. Thus, it is clear that the Legislature has not seen fit to exempt the City of New York from pleading in the relatively small number of special franchise assessment proceedings. We, therefore, conclude that when the City of New York moves to intervene into such a proceeding pursuant to CPLR 1012, it must comply with the mandate of CPLR 1014 that "[a] motion to intervene shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought". Finally, since the 20 days within which the city was to file its proposed answer expired even before the order on Special Term's decision was entered, we will grant the city additional time within which to comply with the condition. ¶ Order modified, on the facts, with costs to petitioner, by providing that the motion of the City of New York is denied unless, within 20 days after service of a copy of the order to be entered herein, the city serves its pleading on all parties, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

---

[*] The appealed order was prepared by the City of New York and entered in Albany County more than 20 days after the date of Special Term's decision.